**Liysa NORTHON; Wayland Dewitt; Jon "Tor" Dewitt, Plaintiff— Appellants,**

v.

**Ann RULE, an individual; Free Press, a division of Simon & Schuster, Inc.; Simon & Schuster, Inc., a Delaware corporation, Defendant—Appellees.**

No. 07–35319.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2010.*

Filed Jan. 18, 2011.

Liysa Northon, Wilsonville, OR, pro se.

Wayland Dewitt, Lake Oswego, OR, pro se.

Jon "Tor" Dewitt, Sheridan, WY, pro se.

Duane A. Bosworth, Davis Wright Tremaine, LLP, Portland, OR, for Defendant–Appellees.

Before: TASHIMA, PAEZ and CLIFTON, Circuit Judges.

MEMORANDUM **

Liysa Northon and other members of her family appeal from the district court's order granting Defendants' special motion to strike under Oregon's anti-Strategic Lawsuit Against Public Participation ("anti-SLAPP") law, Or.Rev.Stat. § 31.150. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Gardner v. Martino,* 563 F.3d 981, 986 (9th Cir.2009), and we affirm.[1]

The district court properly granted Defendants' special motion because Plaintiffs failed to meet their burden of establishing that there was a probability that they would prevail on their claims. *See id.* (explaining that the plaintiff has the burden to "establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case"). Specifically, Plaintiffs failed to show how any state-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and except as provided by 9th Cir. R. 36–3.

1. In an order filed simultaneously with this memorandum, we also grant Defendants–Appellees' motion for an award of attorneys' fees.

ments made in the book might have been defamatory. *See id.* at 989 (affirming dismissal of defamation claim because, *inter alia*, plaintiff failed to present substantial evidence to support a prima facie case). During the hearing, Plaintiffs offered a generalized argument that the entire book was defamatory and did not provide any citations for false statements. The court properly determined that in evaluating whether Plaintiffs have actionable claims for defamation under Oregon law, it must look at each challenged statement, rather than the book as a whole. *See Reesman v. Highfill,* 327 Or. 597, 604–05, 965 P.2d 1030 (1998).

Plaintiffs cannot succeed on their claim that the magistrate judge was biased against them because they did not file a "timely and sufficient" motion for recusal under 28 U.S.C. § 144. *See United States v. Castro,* 887 F.2d 988, 1000 (9th Cir. 1989). The ineffective assistance of counsel claim fails because a plaintiff does not have a constitutional right to counsel in a civil action. *See Nicholson v. Rushen,* 767 F.2d 1426, 1427 (9th Cir.1985) (per curiam). We decline to consider the other issues raised on appeal because they were not raised before the district court. *See Turnacliff v. Westly,* 546 F.3d 1113, 1120 (9th Cir.2008).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.